# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-0217V**
**Filed: June 30, 2016**
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

| | | |
|---|---|---|
| SANDRA RETZLAFF, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Influenza ("Flu") Vaccine; Shoulder |
| v. | * | Injury Related to Vaccine Administration |
| | * | ("SIRVA"); Special Processing Unit |
| SECRETARY OF HEALTH | * | ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner.*
*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 12, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that as a result of an influenza ("flu") vaccination on November 14, 2013, she suffered a shoulder injury related to vaccine administration ("SIRVA"). The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On June 30, 2016, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation for SIRVA. On June 29, 2016, respondent filed a proffer on award of compensation ("Proffer") in her Rule 4(c) Report indicating petitioner should be awarded $85,000.00. Rule 4(c) Rep. at 5. In the Proffer, respondent

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner will have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer,[3] **the undersigned awards petitioner a lump sum payment of $85,000.00 in the form of a check payable to petitioner, Sandra Retzlaff.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] The Proffer is not attached to this decision because it was included in the Rule 4(c) Report, which contains confidential medical information.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.